VER DUYN v. DETROIT & SALINE PLANK-ROAD CO.

1. EVIDENCE—ACCEPTANCE OF RECEIPT—PAROL EVIDENCE.

Where, pending review of a judgment ousting a plank-road company of its franchise, a traveler paid the toll demanded and accepted a receipt reciting that on the affirmance of the judgment the toll would be repaid, evidence of what the toll-gate keeper told him was admissible, in an action to recover the toll paid, as showing the extent to which he accepted the receipt.

2. CONTRACTS—CONSTRUCTION.

Pending review of a judgment ousting a plank-road company from its franchise, the company issued receipts to travelers paying the toll which recited that, in the event "of such judgment being affirmed in the Supreme Court," the receipts

would be redeemable on presentation after such affirmation. *Held,* that the words "such judgment being affirmed" referred to the final judgment of ouster which should terminate the litigation, and not to a reversal of the existing judgment because of errors occurring at the trial.

Error to Wayne; Brooke, J.   Submitted May 4, 1905. (Docket No. 139.)   Decided September 28, 1905.

Assumpsit by Eugene J. Ver Duyn against the Detroit & Saline Plank-Road Company for money had and received.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

*Corliss, Leete & Joslyn* (*Ray B. Morgan,* of counsel), for appellant.

*O. E. Angstman,* for appellee.

BLAIR, J.   Defendant was the owner and engaged in the operation of a toll road, under the provisions of Act No. 62 of the Laws of 1848, along a highway extending from the city of Detroit to a point in Canton township. The prosecuting attorney of Wayne county instituted proceedings in the Wayne circuit court to forfeit defendant's charter and oust it of its franchises.   These proceedings resulted in a verdict and judgment that:

" The respondent, the Detroit & Saline Plank-Road Company, be, and it is hereby, ousted and altogether excluded from its corporate rights, liberties, privileges, and franchises, and from all right to have and maintain and operate a toll road in the townships of Springwells, Dearborn, Nankin, and Canton, and the villages and hamlets of Dearborn, Inkster, Wayne, and Sheldon's Corners, from the westerly city limits of the city of Detroit westerly through said townships to Sheldon's Corners, so called, on said road known as ' Michigan Avenue,' or the ' Chicago Road;' also that said respondent be, and it hereby is, prohibited from collecting tolls over said road, or to maintain and operate a toll road, or to collect toll upon said Detroit & Saline Plank Road, in the townships of Springwells, Dearborn, Nankin, and Canton, in Wayne county, Michigan."

This judgment was subsequently reversed by this court, and a new trial ordered. *People, ex rel. Esper, v. Plank-Road Co.*, 125 Mich. 366. As soon as said judgment of ouster was rendered, the farmers residing along the road over which the defendant held its franchise refused to pay toll. Thereupon the gatekeepers along the line locked the tollgates against the farmers, and thereupon the farmers hitched their teams onto the gates and pulled them out. The contest between the users of the road and the officers of the defendant company assumed a very disorderly character.

At this point in the controversy the defendant company issued and placed in the hands of its tollgate keepers a receipt in the following terms:

"This receipt for toll paid is issued by reason of a judgment of the circuit court for the county of Wayne, and in the event of such judgment being affirmed in the Supreme Court against this company it will be redeemable at the office of this company in Detroit, if presented within 60 days of the date of such affirmation."

The plaintiff in this case is the holder of receipts of the above character in the total amount of $131.51, which receipts were given to him or his assignors during the period which elapsed after the entry of the first judgment of ouster in this case and its reversal by the Supreme Court. Plaintiff received his first ticket under the following circumstances:

"Finally one night I came through, and this tollkeeper, Mr. Emerson, I think it was, up at Wayne, he says to me: 'You better pay your toll, Ver Duyn. I will give you a ticket.' He showed me the ticket, and says to me that if I would be good to him as a gatekeeper and friend, pay my toll, and he says, 'When this suit is ended, if it is ended against the company, you will get your money back.' 'Well,' says I, 'I will pay you the toll provided that is the case.' 'Well,' he says, 'read on the back of the ticket, and you will see to that effect.' I read the back of the ticket. 'Well,' I says, 'that is a pretty good proposition.' I says, 'Rather than have any trouble with

you, I will pay my toll; but,' I says, ' the road is in no condition to pay toll.' "

The new trial ordered by this court resulted in a verdict for the people, and a second judgment of ouster was duly entered, which was affirmed by this court.    131 Mich. 30. Within 60 days of the affirmance of the second judgment, plaintiff, Ver Duyn, demanded repayment of the tolls evidenced by the receipts, which being refused, he brought this suit.    Plaintiff recovered, and the defendant has removed the record to this court for review.

The principal contention of defendant's counsel is that the judgment referred to in the receipts, being the first judgment of ouster, was not affirmed by the Supreme Court, but was reversed, and that the fact that the said judgment was not affirmed relieved the defendant from repaying to the plaintiff the amount represented by the receipts held by him; the affirmance of the judgment being the only condition under which the defendant company would be liable.    We agree with the learned trial judge that this contention is unsound.    In the making of this alleged contract the parties were not upon an equality.    The plaintiff and his assignors had no voice or influence in the drafting of the receipts.    They were prepared by the company's attorneys, and presented to travelers of the highway with the alternative that they must either accept them or turn back, unless they were willing to risk their personal safety by endeavoring to force a passage.    Under such circumstances, as said by the trial judge, " every intendment should be taken against the party which, by its agents, prepared the same."    And we think that under the circumstances of this case the evidence of what the toll collector said to plaintiff was admissible, as showing the extent to which he accepted the receipt.    This alleged contract was not signed by plaintiff, and it could only bind him by his accepting it, and he therefore had a right to show the circumstances attending his acceptance of the paper.

In construing the contract, the situation of the parties

and their surroundings must be considered. By the judgment of the circuit court the defendant's charter was forfeited, and it was prohibited from collecting tolls. The farmers who had to use the road were resorting to violence to obtain what they regarded as their right of unimpeded passage. The defendant was claiming that the judgment of the circuit court that it had no right to collect tolls was wrong; that it had complied with the law and was lawfully entitled to collect the statutory tolls. The right to collect tolls was the substance and gist of the contention, and the agreement must be construed with reference to this fact. The parties were not contending for the correctness or incorrectness of the rulings of the trial judge on questions of the admissibility of evidence, or whether the plea puis darrein continuance waived all other defenses, or whether counsel for plaintiff improperly alluded to defendant and its witnesses and counsel, but were contending over their substantial legal rights as defined by the pleadings. We think, therefore, that the trial judge correctly construed the words "such judgment" in the receipt as referring to such judgment as should be finally affirmed and terminate the litigation upon the merits.

The judgment is affirmed.

MOORE, C. J., and CARPENTER, McALVAY, and HOOKER, JJ., concurred.